FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 14 2019

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOANNE TROWBRIDGE<br>Plaintiffs | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 1:19cv358 |
| | § | |
| SLEEPY HOLLOW HOLDINGS LP<br>Defendant | §<br>§<br>§ | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, JoAnne Trowbridge ("Trowbridge") files this Original Complaint against Defendant, Sleepy Hollow Holdings LP ("Sleepy Hollow") and respectfully shows the following:

### I.

### NATURE OF THE CASE

1.1. This housing discrimination case is brought by JoAnne Trowbridge, a resident of Defendant's Sleepy Hollow Apartments located at the **307 Sleepy Hollow Drive, Cleveland, Texas 77327.** Plaintiff brings this intentional infliction of emotional distress, retaliation, housing and disability discrimination case against Sleepy Hollow pursuant to pursuant to the Fair Housing Act. Plaintiff also brings this discrimination on the basis of retaliation against her pursuant to 41 U.S.C. § 1981.

1.2. Plaintiff brings this action because Defendant has maintained discriminatory housing in which she been subject to discrimination and bias because of her disability. For the past four years Defendant and her husband, Mr. David Trowbridge, have been

1

living in apartment complex on the second floor and seeking a downstairs apartment to no avail. Mrs Trowbridge is disabled and the fire department must be called frequently to escort her up and down the stairs.

1.3. Defendant failed to adequately get her the proper accommodation and did not act swiftly enough to follow the law in place to protect her. If Defendant is allowed to go unpunished, they may continue to mistreat other individuals and families in her situation. Plaintiff has had several doctors who have advised her that her condition might have reached a level of optimal medical improvement, absent Defendant company's actions. Now she must endure numerous pain improvement medications. She has been forced to live in extremely dangerous conditions that were in violation of federal civil rights law.

1.4. Plaintiff's recovery period will be long and agonizing and has taken a toll on Plaintiff's health and has been a burden to her husband as well. The pains of the negligent actions have caused so much damage in the lives of Defendant and her husband. Not only has it resulted in extreme financial and health issues, but also anxiety and stress.

## II.

## JURISDICTION AND VENUE

2.1 Jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Sections 706 (t) (1) and (3) of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(t) (1) and (3) ("Title VII").

2.2 The housing practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

2.3. This court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

### III.

### PARTIES

3.1 . Plaintiff, **JOANNE TROWBRIDGE** (hereinafter "Trowbridge") is a resident of Cleveland, Liberty County, Texas and can be contacted through her attorney below.

3.2. Defendant, **SLEEPY HOLLOW HOLDINGS LP**, (hereinafter "Sleepy Hollow") is the General Partner of Landrus Investments LLC, a California limited liability company and can be served by serving its registered agent Kevin Landrus at 141 Stony Circle, Suite 120, Santa Rosa, CA 95401.

### IV.

### STATEMENT OF CLAIMS

4.1. More than thirty days prior to the institution of this lawsuit, and within three hundred days from the date of the acts complained of herein, Trowbridge filed a charge with the Texas Workforce Commission alleging discrimination violations contained within by Defendant. Trowbridge received her right to sue letter on or about 4-30-2018 which is attached to this complaint as **"Exhibit A."** All conditions precedent to the institution of this lawsuit have been fulfilled.

## V.

## RESPONDEAT SUPERIOR AND RATIFICATION

5.1 Whenever in this complaint it is alleged that Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VI.

## DISCRIMINATION CLAIM UNDER FAIR HOUSING ACT

6.1. Plaintiff incorporates herein by this reference the allegations contained in the paragraphs above.

6.2. Defendant's conduct as described above makes dwellings unavailable because of disability in violation of the Fair Housing Act, 42 U.S.C. § 3604(a). 87. Plaintiff is an aggrieved person as defined by 42 U.S.C. § 3602(i). Plaintiff has been injured by Defendant's discriminatory conduct, and it has suffered damages as a result. 88. Accordingly, under 42 U.S.C. §

6.3. The discriminatory acts of Defendant have caused Plaintiff to suffer mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post traumatic stress disorder and humiliation.

6.4. Plaintiff seeks damages for these injuries in an amount within the jurisdiction of this Court. Furthermore, Plaintiff is entitled to exemplary damages from Defendant because Defendant acted with the malice required to support an award of punitive damages.

6.11. Plaintiff has been damaged as a direct and proximate cause of these actions of Defendant. Plaintiff alleges damages in an amount totaling $1,000,000 plus attorney fees and any court costs. This computation is comprised of $165,000 for mental anguish; $35,000 for consequential damages; $800,000 for punitive damages; plus attorney fees and any court costs.

## VII.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7.1. Plaintiff incorporates herein by this reference the allegations contained in the paragraphs above intentionally or recklessly caused emotional distress to Plaintiff through their actions, conduct, and failure to act and protect Plaintiffs rights as an employee. Defendant's conduct was extreme and outrageous and proximately caused Plaintiffs severe emotional distress.

7.2. Plaintiff suffered damages for which Plaintiff here sues of but not limited to mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post traumatic stress disorder and humiliation in amounts to be determined at trial.

## VIII.

### RETALIATION

8.1. Plaintiff incorporates herein by this reference the allegations contained in the paragraphs above.

8.2 Defendant's wrongful acts of retaliation have caused Plaintiff damages of but not limited to mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post traumatic stress disorder and humiliation.

8.3. Trowbridge has been damaged as a direct and proximate cause of these actions of Sleepy Hollow. Plaintiff alleges damages in an amount totaling $1,000,000 plus attorney fees and any court costs. This computation is comprised of $165,000 for mental anguish; $35,000 for consequential damages; $800,000 for punitive damages; plus

attorney fees and any court costs. The damages are as a result of defendant's discriminatory practices.

## IX.

## RESERVATION OF RIGHTS

9.1. Plaintiff reserves the right to amend her pleadings in this cause at anytime she deems necessary throughout the full term of litigation in an effort to preserve his rights under the law.

## X.
## PRAYER FOR RELIEF

10.1. Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant, Sleepy Hollow, to make the Plaintiff whole, by providing appropriate damages with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful housing practices;

B. Order the Defendant, Sleepy Hollow to make the Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the unlawful housings practices described in the paragraphs above. including, but not limited to, expenses in amounts to be determined at trial;

A. C. Order the Defendant, Sleepy Hollow to make the Plaintiff whole, by compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including, but not limited to mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post traumatic stress disorder and humiliation;

D. Award the Plaintiff any attorney's fees and her costs in this action; and

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

*JoAnne Trowbridge*
JoAnne Trowbridge

Mailing address:
c/o Attorney Robert R. Jones III
2411 Emancipation Ave, Ste 202
Houston, TX 77004
Tel 832-896-1010
Email robertjoneslaw@gmail.com

# Texas Workforce Commission
A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing
the Public

Ruth R. Hughs
Commissioner Representing
Employers

Julian Alvarez
Commissioner Representing
Labor

Larry E. Temple
Executive Director

April 30, 2018

JoAnne & David Trowbridge
307 Sleepy Hollow Drive, #712
Cleveland, TX 77327
      Complainants

TWCCRD# 2170259-HU
HUD # 06-17-8743-8

Darlene Brown
Sleepy Hollow Drive Apartments
Sleepy Hollow Holdings, LP
Landrus Investments, LLC
      Respondents

This letter is to inform you that we have completed the investigation of the above-cited complaint.

### DETERMINATION OF NO REASONABLE CAUSE

**I.  JURISDICTION**

A complaint was filed with HUD on June 26, 2017 alleging that the complainants were injured by a discriminatory act. It is alleged that the respondents were responsible for: Discriminatory terms, conditions, privileges, or services and facilities; and Failure to make reasonable accommodation. It is alleged that the respondent's acts were based on Disability. The most recent act is alleged to have occurred on May 01, 2017, and is continuing. The property is located at: Sleepy Hollow Apartments, 307 Sleepy Hollow Dr., Cleveland, TX 77327.

The property in question is not exempt under the applicable statutes. If proven, the allegations would constitute a violation of Texas Property Code Sections 301.025(b) as defined by Texas Property Code (c)(2).

Informal efforts to resolve the issues were unsuccessful.

101 E 15th Street, Guadalupe CRD • Austin, Texas 78778-001 • (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) •
www.texasworkforce.org
Equal Opportunity Employer Program

TEXAS

#9 investigation, the complainant stated that they needed a 2-bedroom unit because they have "too much furniture." The complainants have not provided any documentation that a 2-bedroom ground floor unit is medically necessary. Complainant David Trowbridge testified and then recanted the complainants' refusal to move to Building 4. Both parties confirm that Building 4 had an available ground floor one-bedroom unit. In addition, respondent's customer notes have corroborated that the complainants previously refused a ground floor one-bedroom unit, which was offered to the complainants as a reasonable alternative to their accommodation request.

## VI.  ADDITIONAL INFORMATION

Please contact your investigator, Chalisa Warren at 512-463-4335 or at Chalisa.warren@twc.state.tx.us if you have any questions about this matter.

The final investigative report (FIR) relating to the investigation is available upon written request by a party to this complaint. The request can be addressed to the Texas Workforce Commission Civil Rights Division, 101 East 15th Street, Guadalupe CRD, Austin, TX 78778-0001. Please include both the TWCCRD and HUD Complaint Numbers in the request. Written FIR requests can also be e-mailed to housing.rfi@twc.state.tx.us, with the subject line of "Written FIR Request."

Both the State and Federal Fair Housing Acts also provide that a Complainant may file a civil action in an appropriate United States District Court or State Court no later than two years after the occurrence or the termination of the alleged discriminatory housing practice, notwithstanding this dismissal by HUD and the Division. The computation of this two-year period does not include any time during which an administrative proceeding under the Act was pending. In addition, a federal court may appoint an attorney if, in the opinion of the court, such person is financially unable to bear the cost of such action.  See 42 U.S.C. 3613.

Texas Workforce Commission Civil Rights Division invites you to provide us feedback so we may continue to provide our customers with the best possible service.  Please help us by taking a short survey at [illegible URL].

_____       _____
Lowell Keig                                                        Date
Director
Texas Workforce Commission Civil Rights Division